IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EDWARD A. GARDNER**                                                                 **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:04cv337-KS-JMR**

**SWEDISH MATCH NORTH AMERICA, INC.;**
**DAN CARR; CHUCK PAVONA; And**
**BRIAN LeRICHE**                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Dismiss filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being fully advised in the premises finds that the motion should be denied in part and granted in part.

## FACTUAL BACKGROUND

The plaintiff, Edward A. Gardner, is a former employee of Swedish Match North America, Inc. (SMNA). While employed by SMNA, in July 2003, Gardner applied for leave under the Family Medical Leave Act (FMLA) to care for his son who was undergoing surgery. The FMLA leave request was granted by SMNA. However, the leave period conflicted with a company meeting in Dallas, that according to plaintiff, was mandatory. Gardner alleges that he was told to do whatever was necessary to attend

the meeting notwithstanding his approved FMLA leave.

The plaintiff did not attend the company meeting. Upon his return to work upon expiration of his FMLA leave, he was immediately placed on probation and alleges that he suffered other work-related penalties including loss of sales incentive bonuses, unfair treatment and harassment leading to a hostile work environment. Gardner alleges this ill treatment was in retaliation for the exercise of his FMLA rights.

Over the course of the subsequent two years, Gardner was on various other leave including short-term disability leave as a result of his own medical problems. He alleges that after the 2003 FMLA leave incident, he was treated worse and worse to the point that he filed this suit in 2004 asserting violations of the FMLA. In November 2005, SMNA terminated Gardner, allegedly for deficient job performance.

Gardner then filed the present Amended Complaint to include several additional causes of action resulting from what he characterizes as a retaliatory discharge because he asserted his rights under FMLA. He alleges that the defendants' conduct has violated the FMLA, the Americans with Disabilities Act (ADA), the Employee Retirement and Income Security Act of 1974 (ERISA), the Health Insurance Portability and Accountability Act of 1996 (HIPAA). He has also asserted state law claims including violation of privacy rights, wrongful discharge, libel and slander.

The defendants have moved under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Gardner's claims of civil conspiracy; negligent infliction of emotional distress; violations of the Americans with Disability Act (ADA); wrongful termination based on the plaintiff's exercise of rights under the Family Medical Leave Act (FMLA), the ADA and SMNA's short-term disability policy and the First Amendment;

violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA); violations of privacy rights under state law; and libel and slander.  They have also moved to dismiss all claims against defendant Dan Carr on the basis of lack of personal jurisdiction under Rule 12(b)(2), Fed.R.Civ.P..

In response to the defendants' motion to dismiss, the plaintiff concedes that his claims for negligent infliction of emotional distress, libel and slander, claims against the individual defendants under the Americans with Disabilities Act, First Amendment claims, claims under HIPAA as an independent cause of action, and claims under FMLA for a hostile work environment are subject to dismissal and they are dismissed with prejudice.

The plaintiff contests the defendants' motion as to his claims of wrongful discharge under state law; violations of the ADA (against Defendant SMNA only); and his state common law claims of civil conspiracy and violation of his privacy rights.

The plaintiff did not respond to defendant Carr's motion to dismiss for lack of personal jurisdiction.  In the face of a challenge, it is a plaintiff's burden to prove that a defendant is subject to the personal jurisdiction of the court.  *See Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997).  Without proof that this defendant is subject to the *in personam* jurisdiction of the court, defendant Carr should be dismissed with prejudice.

The plaintiff also has claims for retaliation because of his exercise of FMLA rights; violation of 29 U.S.C. § 1140 (ERISA § 510) in retaliation for exercising his rights to use his short-term disability leave; and intentional infliction of emotional distress which are not subject to the defendants' motion to dismiss and remain pending.

## **STANDARD OF REVIEW**

The defendants have moved the court to dismiss this matter under Rule 12(b)(6), Fed.R.Civ.P., for failure of the plaintiff to state a claim upon which relief can be granted on the claims referenced above. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the amended complaint in this case and any documents attached to the complaint or incorporated therein. *See Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015 95th Cir. 1996). "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

The plaintiff argues that the court should treat this matter as one for summary judgment in that his response requires materials outside the pleadings. Indeed, if the court considers any matters outside the pleadings, it must treat the motion as one for summary judgment and allow the parties to respond accordingly. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980). Gardner requests the court to require

4

additional discovery under Rule 56(f) in order to properly respond to the motion. The defendants object and assert that the plaintiff has an obligation to properly plead his case to avoid dismissal.

## PLEADING REQUIREMENTS

The modern court system functions on what has come to be known as "notice" pleadings. There is no longer the archaic requirement that specific facts be pleaded *ad nauseam,* in most cases. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a party's "pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Rule 8(a)(1) & (2), Fed.R.Civ.P. The rule further requires that "[e]ach averment of a pleading shall be simple, concise, and direct." and "[a}ll statements shall be made subject to the obligations set forth in Rule 11." Rule 8(e)(1) & (2), Fed.R.Civ.P.

A plaintiff, while not required to plead the proverbial kitchen sink, may not rely on mere conclusions without any basis in fact. His pleadings must present a sufficient basis in law and fact to properly state a claim for relief and he is not entitled to discovery to properly plead his case and avoid the implications of Rule 11. *See Bogner v. Jones*, 904 F.2d 272 (5th Cir. 1990). The motion before the court only tests the sufficiency of the amended complaint. The plaintiff is not entitled to Rule 56(f) discovery in the context of a motion to dismiss because the motion to dismiss is limited

solely to testing the sufficiency of the allegations of the complaint while the summary judgment motion tests the actual merits of the case in determining whether a genuine issue of material fact is present.  The plaintiff's request to hold this motion in abeyance and allow the completion of discovery or additional discovery under Rule 56(f) is denied.

## SPECIFIC CLAIMS

### WRONGFUL DISCHARGE UNDER STATE LAW

The plaintiff alleges that he was wrongfully discharged in violation of state common law for exercising his rights under FMLA, ADA and the SMNA short-term disability policy.  In his brief, however, he also argues that he was wrongfully discharged based on his report of allegedly illegal conduct by one of his supervisors.

Mississippi is an employment-at-will state which means that an employee, not subject to an employment contract, can be terminated for a good reason, a bad reason or no reason at all as long as the termination does not run afoul of anti-discrimination laws.  However, Mississippi has recognized two public policy exceptions to the doctrine.  Those exceptions are applicable in situations where "(1) an employee who refuses to participate in an illegal act . . .; [and] (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else."  *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993).

The plaintiff argues that this court should expand the public policy exceptions of *McArn* to include situations where an employee is discharged for exercising rights under

the FMLA and the ADA and under short-term disability policies provided for the benefit of the employee. There are adequate enforcement provisions in both federal acts to prevent the court from seriously entertaining the plaintiff's offer to expand the common law of the state of Mississippi. Such expansions of state law are best left to the state legislature and, in appropriate situations, to the state courts.

In an effort to prevent dismissal of this claim, the plaintiff argues in his brief that he is subject to the illegal activity reporting exception of *McArn*. Specifically, the plaintiff argues that he was discharged soon after he reported that one of his supervisors, defendant LeRiche, was using copyrighted materials in sales presentations in violation of federal copyright law. The only problem with this claim is that he did not plead it in the complaint. His only claim for wrongful discharge in the amended complaint is for retaliation through discharge for exercising his rights under the FMLA, the ADA and under the short-term disability policy. The plaintiff's claim for wrongful discharge under state common law should, therefore, be dismissed.

**VIOLATION OF PRIVACY RIGHTS UNDER STATE LAW**

The plaintiff contends that the defendants have violated his common law right of privacy by discussing or disclosing his medical conditions with others not privileged to obtain such information. The defendants contend that the plaintiff has failed to plead facts sufficient to state a claim under state common law for violation of his privacy rights.

Mississippi has recognized four distinct theories based on an invasion of privacy claim. They are, "(1) The intentional intrusion upon the solitude or seclusion of another;

(2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false light. *Deaton v. Delta Democrat Pub. Co.*, 326 So.2d 471, 473 (Miss. 1976)(*citing* W. Prosser, Handbook of the Law on Torts s 117 at 804-14 (4th ed. 1971); Restatement of Torts, 2d, s 652A (Tentative Draft No. 21, 1975)).

The plaintiff brings his claim under the third theory, the public disclosure of private facts. Under this theory, "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Young v. Jackson*, 572 So.2d 378, 382 (Miss. 1990). Unauthorized disclosure of one's medical condition can certainly be an invasion of one's privacy. *See Id.*

The plaintiff has pled that the defendants improperly disclosed his medical condition to others not entitled to know it. The court concludes that this is sufficient under notice pleadings to survive a 12(b)(6) motion. The defendants' motion to dismiss the plaintiff's state common law claim for violation of his privacy should be denied.

**CIVIL CONSPIRACY UNDER STATE LAW**

The plaintiff has pled a claim of civil conspiracy to punish and retaliate against him for exercising his rights under the various federal laws set forth above including the FMLA and the ADA. The defendants contend that he has failed to state a cognizable claim under state law. In response, the plaintiff moves specifically to hold this item of

the dismissal motion in abeyance pending the completion of discovery.

Under Mississippi law a "[c]ivil conspiracy requires showing: "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005)(*quotin*g *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 786 (Miss. 2004).

However, the defendants contend that there can be no conspiracy without the "two or more persons or corporations" requirement. They also point out that under the intra-corporate conspiracy doctrine, "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952). *See also Frye v. American General Finance, Inc.*, 307 F.Supp.2d 836, 843 (S.D.Miss. 2004). Further, unless "individual defendants are ... shown to have acted outside their employment capacities, they are incapable of conspiring with their corporate employer." *Cooper v. Drexel Chemical Co.*, 949 F.Supp. 1275, 1285 (N.D.Miss.1996).

Recognizing that the intra-corporate conspiracy doctrine is fatal to his civil conspiracy claims as pled, the plaintiff asks for discovery to flesh out his claims in an effort to prove that the individual defendants acted outside their employment capacities in allegedly violating the plaintiff's rights. Once again, the plaintiff has not pled that the individual defendants so acted and thus this claim fails and should be dismissed.

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

The plaintiff contends that the defendant SMNA violated the ADA when he was discharged because he was actually discharged, at least in part, for exercising his rights under his short-term disability policy for a disabling condition from which he suffered. The defendant, SMNA, has moved to dismiss this claim on the basis of the failure of the plaintiff to exhaust his administrative remedies by first filing a claim with the United States Equal Employment Opportunity Commission (EEOC).  The plaintiff acknowledges his failure to file an EEOC complaint but counters with the argument that his time for filing such has not yet expired and that he could still file such.  However, he requests the court to waive the filing of the EEOC complaint since this matter is set for trial in September 2006 and an EEOC filing could delay the resolution of this claim and lead to duplicative litigation.

The Fifth Circuit has held that "[w]e join those courts in holding that an employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against h[is] employer for violation of the ADA."  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).  The *Dao* Court recognized that the ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, *et seq*.  *Id.*  Thus, under Section 2000e-5(e)(1), before a plaintiff can commence a civil action under Title VII in federal court, he must file a timely charge with the EEOC.  The plaintiff has failed to meet this prerequisite and his request to waive the requirement is not well taken.  Gardner's claim that SMNA violated his rights under the ADA should be dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion to Dismiss **[#30]** is **Granted in part** as follows:

That based on the plaintiff's concession in response to the Motion to Dismiss, the plaintiff's claims of negligent infliction of emotional distress, libel and slander, claims against the individual defendants under the Americans with Disabilities Act, First Amendment claims, claims under HIPAA as an independent cause of action, and claims under FMLA for a hostile work environment are dismissed with prejudice;

That the plaintiff's claim against SMNA under the ADA is dismissed without prejudice;

That the plaintiff's claim for wrongful discharge under state law is dismissed with prejudice;

That the plaintiff's claim of civil conspiracy under state law is dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss **[#30]** is **Denied** as to the plaintiff's claim of violation of his privacy rights under state law.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's claims for retaliation against him because of his exercise of FMLA rights; violation of 29 U.S.C. § 1140 (ERISA § 510) in retaliation for exercising his rights to use his short-term disability leave; and intentional infliction of emotional distress are not a part of the Motion to Dismiss and remain pending.

IT IS FURTHER ORDERED AND ADJUDGED that the defendants' request to strike part of the plaintiff's exhibit attached to his Response to the Motion to Dismiss is

Denied since that matter is the subject of a separate Motion for Protective Order.

SO ORDERED AND ADJUDGED this the 17th day of April, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE