**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**EDWARD A. GARDNER**                                                                                    **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 2:04cv337-KS-JMR**

**SWEDISH MATCH NORTH AMERICA, INC.;
CHUCK PAVONA; And BRIAN LeRICHE**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#58]** filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being fully advised in the premises finds that the motion should be denied.

## FACTUAL BACKGROUND

The plaintiff, Edward A. Gardner, is a former employee of Swedish Match North America, Inc. (SMNA). While employed by SMNA, in July 2003, Gardner applied for leave under the Family Medical Leave Act (FMLA) to care for his son who was undergoing surgery. The FMLA leave request was granted by SMNA. However, the leave period conflicted with a company meeting in Dallas, that according to plaintiff, was mandatory. Gardner alleges that he was told to do whatever was necessary to attend the meeting notwithstanding his approved FMLA leave.

The plaintiff did not attend the company meeting. Upon his return to work upon expiration of his FMLA leave, he was immediately placed on probation and alleges that he suffered other work-related penalties including loss of sales incentive bonuses,

unfair treatment and harassment leading to a hostile work environment.  Gardner alleges this ill treatment was in retaliation for the exercise of his FMLA rights.

Over the course of the subsequent two years, Gardner was on various other leave including short-term disability leave as a result of his own medical problems.  He alleges that after the 2003 FMLA leave incident, he was treated worse and worse to the point that he filed this suit in 2004 asserting violations of the FMLA.  In November 2005, SMNA terminated Gardner, allegedly for deficient job performance.

Gardner filed the present Amended Complaint to include several additional causes of action resulting from what he characterizes as a retaliatory discharge because he asserted his rights under FMLA.  He alleged that the defendants' conduct has violated the FMLA, the Americans with Disabilities Act (ADA), the Employee Retirement and Income Security Act of 1974 (ERISA), the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  He also originally asserted state law claims including violation of privacy rights, wrongful discharge, libel and slander. plaintiff's claim of violation of his privacy rights under state law.

Pursuant to an Order entered by the court on April 17, 2006, all of plaintiff's claims were dismissed except his claims for; 1) retaliation against him because of his exercise of FMLA rights; 2) violation of 29 U.S.C. § 1140 (ERISA § 510) in retaliation for exercising his rights to use his short-term disability leave; 3) intentional infliction of emotional distress; and violation of his privacy rights under state law for allegedly releasing medical information to unauthorized persons.  The defendants have now moved for summary judgment on all of the remaining claims.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d

265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v.*

*National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **FAMILY MEDICAL LEAVE ACT**

The FMLA entitles an eligible employee to as much as twelve weeks leave from work when he has a serious health condition that makes him unable to perform the essential functions of his position.  29 U.S.C. § 2612(a)(1).  Such leave may be taken intermittently or on a reduced leave schedule when medically necessary.  29 U.S.C. § 2612(b)(1).  The FMLA further provides that, upon return from leave, an employee shall be restored to the position of employment he held when the leave commenced or to an equivalent position.  29 U.S.C. § 2614(a)(1); *Price v. Marathon Cheese Corp.*, 119 F.3d

330, 333 (5th Cir. 1997). A covered employer cannot "interfere with, restrain, or deny the exercise of or attempt to exercise any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). In order to qualify for protection under the FMLA, the employee must provide the employer with proper notice of his intention to take leave. 29 C.F.R. § 825.302. *Murray v. Red Kap Industries, Inc.*, 124 F.3d 695, 697 (5th Cir. 1997). Such notice was given and the leave was approved in this case.

The *McDonnell Douglas* analytical framework applies to claims of an employee that he was retaliated against for exercising his rights guaranteed by the FMLA. *Dutton v. University Healthcare System, L.L.C.,* 136 Fed. Appx. 596, 599 (5th Cir. 2005). Thus, to establish a *prima facie* case of retaliation under the FMLA, a plaintiff must be able to show: (1) he engaged in protected activity under the FMLA; (2) he suffered an adverse employment action; and (3) a causal connection exists between the adverse action and his exercise of his FMLA rights. *Id.* at 600. This causal connection may be established by showing that the employee was treated less favorably than an employee who had not requested leave under the FMLA or that the adverse decision was made because he took FMLA leave. *Hunt v. Rapides Healthcare Sys., LLC,* 277 F3d 757, 768 (5th Cir. 2001). If a plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant to introduce evidence of a legitimate, non-retaliatory reason for the adverse employment action. *Dutton,* 136 Fed. Appx. at 599. Once the defendant meets this burden of going forward, the burden is on the plaintiff, "to demonstrate that [his] employer's articulated reason for terminating [him] was merely a pretext for unlawful retaliation." *Id*. The plaintiff must "point to some evidence establishing that the

employer's proffered reasons are pretextual." *Id.*

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Mississippi courts have recognized that such a claim for the intentional infliction of emotional distress exists separate and apart from negligence claims. However, "[m]eeting the requisite elements of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Jenkens v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss.1993). The Fifth Circuit acknowledged in *Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 548 (5th Cir. 1996), that

> Mississippi courts recognize intentional infliction of emotional distress when the defendant's conduct. . . evokes outrage or revulsion. As we have stated before, it is difficult to prove intentional infliction of emotional distress: it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Id.*(citations omitted). Moreover, intentional infliction of emotional distress claims do not lie for "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities. *Hunt v. Wal-Mart*, 2006 WL 231632, at *8 (S.D. Miss. 2006).

The courts have "repeatedly stated that a claim for intentional infliction of emotional distress will not lie for mere employment disputes." *Jenkens*, 813 F. Supp. at 447 (*citing Johnson v. Merrell Dow Pharm., Inc.*, 965 F.2d 31, 33 (5TH Cir.1992)). "Mere employment disputes" not actionable through intentional infliction of emotional distress claims include unfair criticism of job performance, poor evaluations, demands that

employees quit or face termination based on fabricated reasons, harassment and termination.  *Hunt*, 2006 WL 231632, at *8; *Jenkens*, 813 F. Supp. at 447; *Whitmire v. Victus Ltd*, 2000 WL 33909236, at *4 (N.D. Miss. 2000).

## ERISA

"ERISA prohibits an employer from terminating or discriminating against an employee for exercising the right to obtain plan benefits or to interfere with an employee's right to do so." *Bass v. Alegis Group, L.P.,* 2005 U.S. Dist. LEXIS 38813 (S.D. Tex. 2005).  Specifically, Section 510 of ERISA, states: It shall be unlawful for any person to discharge … a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment or any right to which such participant may become entitled under the Plan … 29 U.S. C. § 1140.  "To establish a *prima facie* case of discrimination under ERISA, a plaintiff must establish that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan. " *Holztclaw v. DSC Communications Corp.,* 255 F.3d 254, 260 (5th Cir. 2001).  Under the facts of this case, to prevail on this claim, the plaintiff must prove that he participated in a statutorily protected activity, that an adverse action was taken against him, and that there was a causal connection between the two. *See Kimbro v. Atlantic Richfield Co.,* 889 F.2d 869, 881 (9th Cir. 1989).  For an employee to recover under Section 510, "…the plaintiff must prove that the employer had the specific intent to violate ERISA." *Clark v. Resistoflex Co. Div. of Unidynamics Corp.,* 854 F.2d 762, 770 (5th Cir.1988).  *See also Hines v.*

*Massachusetts Mut. Life Ins. Co.,* 43 F.3d 207, 209 (5th Cir. 1995)

## RIGHT TO PRIVACY

Mississippi recognizes a common law right to privacy. In cases where the alleged invasion of privacy is by private parties, as here.  The Mississippi Supreme Court has "recognized a right of action in at least three contexts: (1) the portrayal of a plaintiff in a false light; (2) appropriation of a plaintiff's likeness and unpermitted use; and (3) public disclosure of private facts."  *Young v. Jackson,* 582 So.2d 378 (Miss. 1990); see also *Deaton v. Delta Democrat Publishing Co.,* 326 So. 2d 471, 437 (Miss 1976); *Prescott v. Bay St. Louis Newspapers, Inc.*, 497 So. 2d 77, 79 (Miss. 1986); and *Candebat v. Flanagan,* 487 So.2d 207, 209 (Miss. 1986).  For claims brought in the context of alleged "public disclosure of private facts" as seems to be Gardner's theory in this case, the Mississippi Court has stated the following rule: "One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public."  *Id.* at 382.

## FINDINGS BY THE COURT

The court has carefully reviewed the submissions of the parties, including the Motion for Sanctions and the Return of Documents and Property **[#54]**.  This is an unusual case in that the plaintiff remained employed with SMNA for over a year after his original suit challenging the defendants' action in regard to the FMLA was filed.  Further, the plaintiff was employed for a total of some seventeen years before his termination.  There are allegations of contentious and contumacious conduct being cast

9

about by both sides. The court is deeply concerned by the conduct of counsel for both parties which has been exhibited through the course of this litigation. In the end, however, the court is charged with the responsibility of seeing to it that justice and the rule of law prevails, regardless of the contentiousness of the parties.

In an effort to carry out the obligations charged to the court, it will be reiterated that the court has carefully and fully considered the submissions of the parties. Based on those submissions and the law the court concludes that there are genuine issues of material fact regarding each of the plaintiff's claims which may only be resolved by a properly instructed jury. The court further concludes that the Motion for Sanctions, etc., shall be denied subject to a re-urging as to the admissibility of each of the contested documents at trial.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#58]** filed on behalf of the defendants is denied and that the Motion for Sanctions and the Return of Documents and Property **[#54]** is denied subject to a re-urging as to the admissibility of each of the contested documents at trial.

SO ORDERED AND ADJUDGED this the 28th day of August, 2006.


       s/ *Keith Starrett*
       UNITED STATES DISTRICT JUDGE